**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **THERESA LAFRANCE, WIFE OF/AND** | * | **CIVIL ACTION NO.:** |
| **ERNEL LAFRANCE** | * | |
| **Plaintiffs** | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **CRESCENT CONSTRUCTION COMPANY,** | * | **SECTION:** |
| **WERNERCO SERVICES, INC.** | * | |
| **HD SUPPLY CONSTRUCTION SUPPLY** | * | |
| **LTD D/B/A HD SUPPLY CONSTRUCTION** | * | |
| **& INDUSTRIAL – WHITE CAP, DEF, INC.,** | * | |
| **GHI, INC., JKL INSURANCE COMPANY,** | * | |
| **MNO INSURANCE COMPANY,** | * | **MAG. JUDGE:** |
| **PQR INSURANCE COMPANY,** | * | |
| **STU INSURANCE COMPANY, AND** | * | |
| **VWX INSURANCE COMPANY** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:     Clerk of Court
        United States District Court
        Eastern District of Louisiana
        500 Poydras Street
        New Orleans, LA 70130

Defendant, Werner Co. (improperly named as Wernerco Services, Inc.), respectfully files

this Notice of Removal of the above-styled matter, and as cause therefore show as follows:

## I.  BACKGROUND

1.

This action began on February 25, 2021, when Theresa Lafrance, wife of/and Ernel

Lafrance ("Plaintiffs"), filed a Petition for Damages in the 29th Judicial District Court for the

Parish of St. Charles, State of Louisiana, bearing civil action number 88943, Division D.[1] Plaintiffs allege that on November 27, 2020, Ernel Lafrance was working within the course and scope of his employment with Defendant, Crescent Construction Company, and was using a ladder to access underground utilities by way of a manhole located in Destrehan, Louisiana. They additionally allege that while using the ladder, Mr. Lafrance fell and sustained injuries.[2]

2.

Plaintiffs named as Defendants in their Petition for Damages: 1) Crescent Construction Company ("Crescent"), Lafrance's employer at the time of the accident; 2) HD Supply Construction Supply LTD D/B/A HD Supply Construction Industrial – White Cap ("HD Supply"), the alleged manufacturer and/or distributor of the subject ladder; and 3) Werner Co., also alleged to be the manufacturer and/or distributor of the subject ladder.[3]

3.

As discussed more fully in Section III, *infra*, this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(3) within 30 days after receipt by Werner Co., through service or otherwise, of notice from which it could first be ascertained that the case is one which is or has become removable.

4.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing St. Charles Parish, Louisiana—where the state court action is pending.[4]

---

[1] *See generally*, Copies of All Process, Pleadings, and Orders Served on Defendants, attached hereto as Exhibit A.
[2] *See* Exhibit A, Pls.' Petition for Damages.
[3] *Id.*
[4] *See* 28 U.S.C. § 1441.

## II. GROUNDS FOR REMOVAL—DIVERSITY OF CITIZENSHIP JUDISDICTION

5.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there exists complete diversity of citizenship between Plaintiffs and all properly joined Defendants and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship

6.

For purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled.[5]  Plaintiffs are both natural persons domiciled in the State of Louisiana.[6]  Thus, Plaintiffs are citizens of the State of Louisiana for purposes of diversity jurisdiction.

7.

A corporation is deemed a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.[7]

8.

Werner Co. is a company incorporated in the State of Delaware with its principle place of business in the State of Illinois.  Thus, Werner Co. is a citizen of the States of Delaware and Illinois.

---

[5] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").

[6] Exhibit A, Pls.' Petition for Damages.

[7] *See* 28 U.S.C. § 1332(c)(1).

3

9.

In determining whether a civil action is removable pursuant to 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded.[8]  Accordingly, the citizenship of DEF, Inc., GHI, Inc., JKL Insurance Company, MNO Insurance Company, PQR Insurance Company, STU Insurance Company, and VWX Insurance Company should not be considered.

10.

The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiffs and all <u>properly joined Defendants</u> are citizens of different States.

### B. Improper Joinder—Crescent and HD Supply

11.

Plaintiffs have improperly joined Crescent and HD Supply, and thus, the citizenship of both Crescent and HD Supply should be disregarded for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a).[9]

12.

Under the improper joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state defendant.[10]

13.

In the Fifth Circuit, improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of

---

[8] *See* 28 U.S.C. § 1441(b)(1).

[9] *See Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 738 (S.D. Tex. 2010) ("[A] court may disregard the citizenship of the parties that have been improperly joined.") (citation omitted).

[10] *Salazar v. Allstate Texas Lloyd's, Inc*., 455 F.3d 571, 574 (5th Cir. 2006); *see also Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004) (applying improper-joinder doctrine to forum-state defendant); *New Life Assembly of God of City of Pampa, Texas v. Church Mut. Ins. Co.,* No. 15-51, 2015 WL 2234890, at *3 (N.D. Tex. May 12, 2015) ("Improper joinder is a limited exception to the forum-defendant rule and the requirement of complete diversity.") (*citing Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

action against the non-diverse party (or forum-defendant) in state court."[11]  As to the latter, "ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[12] Where a complaint states a claim that satisfies Rule 12(b)(6) but has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[13]  Ultimately, there must be a "reasonable possibility of recovery" against the non-diverse or forum-defendant, "not merely a theoretical one."[14]

14.

By Plaintiffs' own admission, Ernel Lafrance was employed by Crescent and was working within the course and scope of his employment with Crescent at the time of the alleged accident.[15]

15.

As a result, workers' compensation is Plaintiffs' exclusive remedy against Crescent, except where his compensable injury resulted from an intentional act.[16]

16.

The Louisiana Supreme Court made clear that in order to escape the ambit of the worker's compensation statute, the plaintiff must plead a particular intentional tort that can be

---

[11] *See Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[12] *See Smallwood*, 385 F.3d at 573.

[13] *Id.; see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545–46 (5th Cir. 2004) ("[A] local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant.  Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.").

[14] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

[15] *See* Exhibit A, Pls.' Petition for Damages, at ¶ 3.

[16] La. R.S. 23:1032(B).  *See also Reeves v. Structural Preservation Systems*, 731 So.2d 208 (La. 1999).

classified within the scheme of well-known intentional torts.[17]   Further, the United States Fifth Circuit has specifically noted that "nothing short of an intentional tort, that is, intent to bring about the event which occurred, will bar exemption from tort liability" under the workers' compensation statute.[18]   The Court there went on to state that even the use of the word intent "is not a talisman that can change the allegations into colorable claims of true intentional torts."[19]

17.

Here, Plaintiffs have failed to plead a particular intentional tort and have failed to even use the words "intent" or "intentional" in making their allegations against Crescent.[20]   Likewise, they failed to allege any facts from which it could be concluded that Crescent intended to bring about the event that occurred.   Rather, Plaintiffs simply alleged that Crescent "knew or should have known that the incident and related injuries…were substantially certain to follow by using the ladder at issue" and that Crescent "was aware of its defective condition without conveying such knowledge to Mr. Lafrance."[21]   Plaintiffs went on to specifically state that the incident and injuries were caused "**by the negligence** and/or fault of Crescent."[22]

18.

To the extent Plaintiffs allege that Crescent should have known that the incident and injuries would follow, they have simply alleged a negligence claim and thus failed to state a claim for an intentional tort.[23]   To the extent Plaintiffs allege that Crescent knew he would be injured, they allege only that Crescent was aware of a defect in the ladder.   This does not rise to the level of an intentional tort pursuant to Louisiana law.

---

[17] *Caudle v. Betts*, 512 So. 2d 389 (La. 1987).
[18] *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980).
[19] *Id*.
[20] Exhibit A, Pls.' Petition for Damages, at ¶¶ 5 and 10.
[21] Exhibit A, Pls.' Petition for Damages, at ¶ 5.
[22] *Id*. at ¶ 10.
[23] *Harper v. Boise Paper Holdings, L.L.C.*, 575 Fed.Appx. 261 (5th Cir. 2014).

19.

In Louisiana "substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean inevitable or incapable of failing.[24]   Mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.[25]   Thus, in making their claims against Crescent, Plaintiffs fail to allege facts to show that his injuries were substantially certain to follow.

20.

As a result of the foregoing, Plaintiffs have no reasonable possibility of recovering against Crescent pursuant to any of their alleged claims.

21.

Plaintiffs' claims against HD Supply arise solely from their allegations that HD Supply was the "manufacturer and/or distributor" of the ladder at issue.[26]

22.

In fact, the subject ladder was manufactured by Werner.  Additionally, on April 27, 2021, Werner was provided by counsel for Crescent with evidence that the ladder was actually purchased by Crescent from Shipyard Supply, LLC, not HD Supply.[27]   Thus HD Supply could not be liable for Plaintiffs' allegations arising out either the manufacture or the distribution of subject ladder.

---

[24] *Reeves v. Structural Preservation Systems, supra* at 213.
[25] *Id.* (citing *Tapia v. Schwegmann Giant Supermarkets, Inc*., 590 So.2d 806, 807-808 (La.App. 4 Cir. 1991).
[26] Exhibit A, Pls.' Petition for Damages, at ¶ 8.
[27] *See* January 11, 2019 Invoice for sale of subject ladder by Shipyard Supply, LLC to Crescent Construction Company, attached hereto as Exhibit "B."

23.

As a result of the foregoing, Plaintiffs have no reasonable possibility of recovering against HD Supply pursuant to any of their alleged claims.

## C.  Amount in Controversy

24.

Under federal statute, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.[28]  Because Louisiana law states, "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand,"[29] a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.[30]  The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000," or (2) offering "summary judgment type evidence" to support a finding that the amount exceeds $75,000.[31]  To that end, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.[32]  However, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulation, and amendments reducing the amount do not

---

[28] *See* 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).
[29] *See* La. Code Civ. Pro. art. 893.
[30] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (*citing* La. Code Civ. Pro. art. 893, *and Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (*quoting Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).
[31] *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[32] *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

deprive the district court of jurisdiction.[33]  A court's determination of whether the amount in controversy requirement is facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the plaintiff's claim.[34]

25.

Here, Plaintiffs allege in their Petition for Damages injuries and non-pecuniary damages extensive enough for this Court to find the requisite amount in controversy facially apparent. Plaintiffs allege that Ernel Lafrance suffered "severe and painful injuries to his mind and body" in addition to permanent disability and disfigurement requiring invasive treatment.[35] Additionally, Plaintiffs allege Ernel Lafrance's past and future medical expenses, past and future loss of wages, and past and future mental anguish.[36]  Finally, Plaintiffs allege Theresa Lafrance's loss of consortium allegedly arising from her husband's injuries.[37]

26.

As referenced, *supra*, courts should focus on the categories of alleged injuries and damages as well as the tortious nature of the claims.[38]  Here, when considering the categories of alleged damages arising out of Plaintiffs' various claims, it is facially apparent that the amount in controversy in this matter exceeds $75,000.

27.

In addition to satisfying the facially apparent test, Plaintiffs' Petition for Damages lacks any general allegation that the monetary value of the case is less than the amount required under

---

[33] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount.).

[34] *See generally*, *Luckett*, 171 F.3d at 298.

[35] *See* Exhibit A, Pls.' Petition for Damages, at ¶ 12.

[36] *Id*. at ¶ 13.

[37] *Id*. at ¶ 14.

[38] *See Luckett*, *supra* n. 15.

28 U.S.C. § 1332(a) for federal diversity jurisdiction.[39]   According to Louisiana Code of Civil Procedure Article 893, such a general allegation is "required" to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."[40]   Given the mandatory language of that article, a number of Fifth Circuit courts have held that a plaintiff "creates a strong presumption in favor of [diversity] jurisdiction" by failing to generally allege that his or her damages are insufficient for an exercise of such jurisdiction.[41]   Indeed, a plaintiff's failure to comply with the requirements of Article 893 is an important consideration in determining the sufficiency of the amount in controversy at the time of removal.[42]   Thus, Plaintiffs' failure to include any general allegation in their Petition for Damages regarding the monetary value of their claims stands as further evidence that the amount in controversy exceeds $75,000.

28.

For each of the foregoing reasons, it is apparent from the face of Plaintiffs' Petition for Damages that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.   Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

---

[39] *See generally* Exhibit A, Pls.' Petition for Damages.

[40] *See* La. Code Civ. Proc. art. 893(A)(1) The full text of the subsection reads:  "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required." *Id*.

[41] *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (internal citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting *In re Shell Oil Co*., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *see also Raborn v. Con-Way Truckload, Inc*., No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015); *Borill v. Centennial Wireless, Inc*., 872 F. Supp. 2d 522, 528 (W.D. La. 2012).

[42] *Treqknia Bannister v. ACE American Insurance Company, et al*., No. 16-2830, 2016 WL 2347861, at *2, n. 1 (E.D. La. May 4, 2016) (second footnote "1").

### III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

29.

Werner Co. has demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Now, Werner Co. further shows that this removal is timely sought under 28 U.S.C. 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

### A.  This Removal is Timely Under 28 U.S.C. 1446(b)(3)

30.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b).  When a case, as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[43]

31.

In the fraudulent joinder context, a defendant has 30 days from the date that the fraudulent joinder could first be ascertained in which to file a notice of removal.[44]

32.

As outlined above, Werner Co. first received notice that this case was one which is or has become removable on April 27, 2021, when it received the invoice evidencing the sale of the subject ladder by Shipyard Supply, LLC to Crescent.  This Notice of Removal, therefore, is timely filed within 30 days of that date.

---

[43] 28 U.S.C. 1446(b)(3); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).

[44] *See Jernigan v Ashland Oil*, 989 F.2d 812, 817 (5th Cir. 1993); *Delaney v. Viking*, 41 F.Supp.2d 672 (E.D. Tex. 1999).

**B. This Removal Does Not Violate 28 U.S.C. 1441(b)(2)'s Forum-Defendant Rule**

33.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

34.

Here, no properly joined Defendant is a citizen of the State of Louisiana; thus, this removal does not violate the forum-defendant rule.

## IV. CONSENT TO REMOVAL

35.

When a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[45]

36.

As set forth above, Werner Co. is the only properly joined Defendant.

## V. PROCEDURAL COMPLIANCE & CONCLUSION

37.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Werner Co. are attached hereto as Exhibit "A."

38.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana.

---

[45] *See* 28 U.S.C. § 1446; *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990).

39.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE,** Defendant, Werner Co. respectfully requests that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

Respectfully submitted,

S/ John E.W. Baay II
John E. W. Baay II (#22928)
Michael D. Cangelosi (#30427)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
*Attorneys for Werner Co.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 28th day of April, 2021, the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system.  I also certify that a copy of the above and foregoing has been forwarded to all counsel of record by electronic transmission on this 28th day of April, 2021.

s/ John E.W. Baay II
John E.W. Baay II