# CT Packing Slip

**CT Corporation**

| | |
|---|---|
| UPS Tracking # : | 1ZX212780135362412 |
| Created By : | Diksha NLN |
| Created On : | 03/17/2021 02:25 PM |

**Recipient:**

| Paula Larsen | | | |
|---|---|---|---|
| Title : | — | | |
| Customer : | Werner Co. | | |
| Address : | 93 Werner Rd | | |
| Email : | Palarsen@wernerco.com | | |
| Phone : | 724-588-8600 | Fax : | 724-373-3255 |

| | |
|---|---|
| Package Type : | Envelope |
| Items shipped : | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 539222883 | 00088937 | Werner Co. |

**EXHIBIT A**

 **CT Corporation**

**Service of Process Transmittal**
03/16/2021
CT Log Number 539222883

TO: Paula Larsen
Werner Co.
93 Werner Rd
Greenville, PA 16125-9434

RE: **Process Served in Illinois**

FOR: Werner Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | THERESA LAFRANCE, ETC. AND ERNEL LAFRANCE, PLTFS. vs. CRESCENT CONSTRUCTION COMPANY, ET AL., DFTS. // TO: WERNERCO SERVICES, INC. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 00088937 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Priority Mail on 03/16/2021 postmarked on 03/11/2021 |
| JURISDICTION SERVED: | Illinois |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| REMARKS: | WERNERCO SERVICES, INC. merged into WERNER CO. |
| ACTION ITEMS: | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780135362412 |
| | Image SOP |
| | Email Notification, Paula Larsen  Palarsen@wernerco.com |
| | Email Notification, Geoff Hartenstein  hartegr@werner.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.





# PALAZZO
## —LAW FIRM—

732 BEHRMAN HIGHWAY, SUITES F & G · GRETNA, LOUISIANA 70056
TELEPHONE: (504) 433-1442 · FACSIMILE: (504) 433-9111
WWW.PALAZZOLAW.COM

ATTORNEYS AT LAW
LEO J. PALAZZO
JASON J. MARKEY
MARIO A. ARTEAGA, JR.

AUTHOR'S EMAIL:
KATHLEEN@PALAZZOLAW.COM

March 11, 2021

*Via U. S. Priority Mail 9405 5118 9956 0972 8150 60*
*and Certified Mail Return Receipt No.*
*7020 1810 0000 3837 3625*
Wernerco Services, Inc.
*Through its Registered Agent for Service of Process;*
CT Corporation System
208 So. LaSalle Street, Suite 814
Chicago, IL 60604

    Re:    *Theresa Lafrance, wife of/and Ernel Lafrance v. Crescent Const. Co., et al*
             29th JDC, No. 88,937, Div. D

Dear Sir/Madam:

    Enclosed herewith, please find a *Citation* and a certified true copy of the *Petition for Damages*, which have been filed into the Court's record of the above-referenced matter on behalf of the plaintiffs, Theresa and Ernel Lafrance.

    The enclosed pleadings are being served upon you as the Registered Agent for Wernerco Services, Inc. pursuant to the Louisiana Long Arm Statute, La. R.S. § 13:3204, *et seq*. Should you have any questions concerning the enclosed, you are urged to seek the advice of legal counsel immediately.

                                            Very truly yours,
                                            PALAZZO LAW FIRM

                                            Kathleen B. Buckley
                                            *Litigation Paralegal*

KBB
Enclosures

# CITATION

| | | |
|---|---|---|
| LAFRANCE, THERESA WIFE OF AND - ET AL<br><br>Versus<br><br>CRESCENT CONSTRUCTION COMPANY - ET AL |  | Case: **00088937**<br>Division: D<br>29th Judicial District Court<br>Parish of St. Charles<br>State of Louisiana |

TO:
WERNERCO SERVICES, INC.
Via Long Arm Service to its registered agent for service of process:
CT CORPORATION SYSTEM
208 SO LASALLE ST, SUITE 814
CHICAGO, Il 60604

You are hereby summoned to comply with the demand contained in the fax and original Petition and (2) Verification, of which a certified copy accompanies this citation, or file your answer to the same, in the office of the Clerk on the Twenty-ninth Judicial Court in and for the Parish of St. Charles, in the Court House of said Parish at Hahnville, La., within thirty days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES of the said Court on the 25th day of February A.D., 2021.

Lance Marino
CLERK OF COURT

BY: Debra C. Rankin
Deputy Clerk of Court

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of sixteen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____
                                By: _____
Mileage   $_____              Deputy Sheriff

Total      $_____

[ ORIGINAL ]

29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

STATE OF LOUISIANA

NO.: 88,937

**DIV. D**
JUDGE
DIVISION LAUREN LEMMON

THERESA LAFRANCE, WIFE OF/AND ERNEL LAFRANCE

VERSUS

CRESCENT CONSTRUCTION COMPANY, WERNERCO SERVICES, INC., HD SUPPLY CONSTRUCTION SUPPLY LTD D/B/A HD SUPPLY CONSTRUCTION & INDUSTRIAL – WHITE CAP, DEF, INC., GHI, INC., JKL INSURANCE COMPANY, MNO INSURANCE COMPANY, PQR INSURANCE COMPANY, STU INSURANCE COMPANY AND VWX INSURANCE COMPANY

Filed:_____     Deputy Clerk:_____

## PETITION FOR DAMAGES

NOW INTO COURT, come the Petitioners, Theresa Lafrance, wife of/and Ernel Lafrance ("Petitioners"), both persons of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, with respect, represent:

1.

Made Defendants herein are:

a) CRESCENT CONSTRUCTION COMPANY ("Crescent"), which, upon information and belief, is a domestic company, licensed and authorized to do and doing business in this Parish and State and was the employer of Petitioner at all pertinent times herein;

b) WERNERCO SERVICES, INC. ("Wernerco"), which, upon information and belief, is a foreign corporation, licensed and authorized to do and doing business in this Parish and State, and, upon information and belief, the manufacturer and/or distributor of the defective ladder;

c) HD SUPPLY CONSTRUCTION SUPPLY LTD D/B/A HD SUPPLY CONSTRUCTION & INDUSTRIAL – WHITE CAP, a foreign company licensed and authorized to do and doing business in this Parish and State and, upon information and belief, the manufacturer and/or distributor of the defective ladder;

d) DEF, INC., a yet to be identified domestic or foreign company licensed and authorized to do and doing business in this Parish and State and, upon information and belief, the manufacturer and/or distributor of the defective ladder;

1

STATE OF LOUISIANA
PARISH OF ST. CHARLES
I HEREBY CERTIFY THAT THE WITHIN
AND FOREGOING IS A TRUE COPY OF THE
ORIGINAL ON FILE IN THIS OFFICE.

_____
CLERK OF COURT
ST. CHARLES PARISH

**FAX MEMO**

## 29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

### STATE OF LOUISIANA

NO.: 08937

DIV. D
JUDGE
DIVISION: LAUREN LEMMON

### THERESA LAFRANCE, WIFE OF/AND ERNEL LAFRANCE

### VERSUS

### CRESCENT CONSTRUCTION COMPANY, WERNERCO SERVICES, INC., HD SUPPLY CONSTRUCTION SUPPLY LTD D/B/A HD SUPPLY CONSTRUCTION & INDUSTRIAL – WHITE CAP, DEF, INC., GHI, INC., JKL INSURANCE COMPANY, MNO INSURANCE COMPANY, PQR INSURANCE COMPANY, STU INSURANCE COMPANY AND VWX INSURANCE COMPANY

Filed: _____     Deputy Clerk: _____

### PETITION FOR DAMAGES

NOW INTO COURT, come the Petitioners, Theresa Lafrance, wife of/and Ernel Lafrance ("Petitioners"), both persons of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, with respect, represent:

1.

Made Defendants herein are:

a) **CRESCENT CONSTRUCTION COMPANY** ("Crescent"), which, upon information and belief, is a domestic company, licensed and authorized to do and doing business in this Parish and State and was the employer of Petitioner at all pertinent times herein;

b) **WERNERCO SERVICES, INC.** ("Wernerco"), which, upon information and belief, is a foreign corporation, licensed and authorized to do and doing business in this Parish and State, and, upon information and belief, the manufacturer and/or distributor of the defective ladder;

c) **HD SUPPLY CONSTRUCTION SUPPLY LTD D/B/A HD SUPPLY CONSTRUCTION & INDUSTRIAL – WHITE CAP**, a foreign company licensed and authorized to do and doing business in this Parish and State and, upon information and belief, the manufacturer and/or distributor of the defective ladder;

d) **DEF, INC.**, a yet to be identified domestic or foreign company licensed and authorized to do and doing business in this Parish and State and, upon information and belief, the manufacturer and/or distributor of the defective ladder;

1

e) **GHI, INC.**, a yet to be identified domestic or foreign company licensed and authorized to do and doing business in this Parish and State and, upon information and belief, the manufacturer and/or distributor of the defective ladder;

f) **JKL INSURANCE COMPANY**, which, upon information and belief, is a foreign insurance company, is authorized to do and is doing business within this Parish and State at all pertinent times herein, and which is the general liability, excess and/or umbrella insurer of Defendant, Crescent Construction Company;

g) **MNO INSURANCE COMPANY**, which, upon information and belief, is a foreign insurance company, is authorized to do and is doing business within this Parish and State at all pertinent times herein, and which is the general liability, excess and/or umbrella insurer of Defendant, WernerCo;

h) **PQR INSURANCE COMPANY**, which, upon information and belief, is a foreign insurance company, is authorized to do and is doing business within this Parish and State at all pertinent times herein, and which is the general liability, excess and/or umbrella insurer of Defendant, HD Supply Construction Supply LTD d/b/a HD Supply Construction & Industrial – White Cap;

i) **STU INSURANCE COMPANY**, which, upon information and belief, is a foreign insurance company, is authorized to do and is doing business within this Parish and State at all pertinent times herein, and which is the general liability, excess and/or umbrella insurer of Defendant, DEF, Inc.; and

j) **VWX INSURANCE COMPANY**, which, upon information and belief, is a foreign insurance company, is authorized to do and is doing business within this Parish and State at all pertinent times herein, and which is the general liability, excess and/or umbrella insurer of Defendant, GHI, Inc.

Said Defendants are justly and truly indebted unto your Petitioners herein for the following reasons, to-wit:

2.

This is a Court of proper venue because this is an action to recover damages for an offense that occurred in this Parish and damages were sustained in the Parish. La. C.C.P. art. 74.

3.

On February 27, 2020, Ernel Lafrance ("Mr. Ernel") was in the course and scope of his employment with Defendant, (Crescent Construction Company), while performing work on underground utilities only accessible through a manhole located on Plantation Street in Ormond Estates, Destrehan Louisiana.

4.

At approximately 11:30 a.m. on February 27, 2020, Mr. Lafrance was ordered by his superior at Crescent Construction Company to go down the manhole to cut a pipe. As Mr. Lafrance was going down the ladder, manufactured and/or distributed by WernerCo and/or HD Supply Construction Supply LTD d/b/a HD Supply Construction & Industrial – White Cap, the ladder gave way and folded at its midsection causing Mr. Lafrance to fall approximately eight (8) feet.

5.

Upon information and belief, Petitioners aver that Crescent Construction Company knew or should have known that the incident and related injuries sustained by Mr. LaFrance were substantially certain to follow by using the ladder at issue. At all times pertinent hereto Crescent Construction Company had custody and/or garde of said ladder and was aware of its defective condition without conveying such knowledge to Mr. LaFrance.

Further, Crescent Construction Company knew that Mr. LaFrance was not employed in any capacity that would ordinarily cause him to ascend a manhole in the regular course of his employment or have occasion to utilize, let alone inspect, the ladder in question. Nonetheless, Mr. LaFrance was ordered to ascend the ladder by his superior.

6.

Mr. Lafrance fell backwards, violently and awkwardly striking multiple structures on his way down injuring his head, neck, right eyebrow area, right wrist and back. As a direct result of the fall, Mr. Lafrance was driven by another employee to Ochsner Occupational Medicine to receive medical treatment. Mr. Lafrance is currently treating for his injuries.

7.

At the time of the above described incident, there were no signs, cones, caution tape, etc. warning the workers of this unreasonably dangerous condition, nor had Mr. Lafrance been

verbally warned of the instability of the ladder. Furthermore, Mr. Lafrance was not provided with the requisite safety equipment to protect him from harm.

8.

Upon information and belief, WernerCo; HD Supply Construction Supply LTD d/b/a HD Supply Construction & Industrial – White Cap.; DEF, Inc.; and GHI Inc., were the manufacturer and/or distributor of the defective ladder; and Crescent Construction Company was the owner of the ladder and, thus are responsible for inspecting and maintaining said ladder. Crescent Construction Company is Mr. Lafrance's direct employer, and thus is responsible for providing a safe work site for their employees and/or for warning their employees of the unreasonably dangerous condition.

9.

Upon information and belief, WernerCo; HD Supply Construction Supply LTD d/b/a HD Supply Construction & Industrial – White Cap; DEF, Inc.; and GHI Inc., were the manufacturer and/or distributor of the defective ladder as defined by the Louisiana Products Liability Act.

10.

Petitioner avers that the said incident and injuries were caused solely and entirely, or in the alternative, in part, by the negligence and/or fault of Crescent Construction Company in the following acts of commission and omission:

a) Failing to properly inspect the work site premises;
b) Failing to properly warn employees and/or contractors of potential dangers despite having notice and/or knowledge of the defect in the premises and/or the dangerous work condition;
c) Failing to provide a safe work place and/or work conditions;
d) Failing to train and/or supervise its employees, contractors and/or subcontractors;
e) Failing to provide the requisite safety equipment to its employees, contractors and/or subcontractors;
f) Failing to comply with applicable rules and regulations promulgated by OSHA, and/or other governmental and/or quasi-governmental agencies;
g) In the further alternative, Petitioners specifically plead the doctrine of *res ipsa loquitur* in that the subject incident, injuries and damages would not have occurred in the absence of the Defendant and/or its employees; and

4

    h) Any and all other acts of negligence and/or fault, be they gross, willful or wanton, to be shown at the time of trial.

All of which acts of commission and omission were negligent and in violation of common sense, common care and common prudence and all in violation of the laws of this state and parish which are pleaded herein as if copied *in extenso*.

11.

Petitioners further aver that the said incident and injuries were caused solely and entirely, or in the alternative, in part, by the negligence and/or fault of WernerCo; HD Supply Construction Supply LTD d/b/a HD Supply Construction & Industrial – White Cap; DEF, Inc.; and GHI Inc in the following acts of commission and omission:

    a) Improper/defective design of the ladder from a handling, durability and stability standpoint;

    b) Improper design, construction, and manufacture of the ladder so as to create an unreasonable and dangerous propensity to fail under normal and foreseeable circumstances and caused harm;

    c) Upon leaving the manufacturer's control, the ladder deviated in a material way from its specs or performance standards for the product or from otherwise identical products manufactured by said manufacturer;

    d) Failing to provide a reasonable and adequate warning to buyers and users of the ladder and this caused harm;

    e) Marketing the ladder in such a way as to mislead buyers and users as to the safety and stability thereof from a reasonably anticipated use of the ladder;

    f) Improper and inadequate testing of the ladder and its components;

    g) Failing to conduct tests on the ladder to examine durability and stability and warn users of dangerous propensities;

    h) Failing to conform to an express warranty; and

    i) Any and all other acts of negligence and/or fault, be they gross, willful or wanton, to be shown at the time of trial.

All of which acts of commission and omission were negligent and in violation of common sense, common care and common prudence and all in violation of the laws of this state including, but not limited to, the Louisiana Products Liability Act, La.R.S. 9:2800.51 *et seq.*, and

5

in contravention of the exercise of due care and prudence which are plead herein as if copied *in extenso*.

12.

Petitioners aver that the sudden and unexpected incident caused Mr. Lafrance to receive severe and painful injuries to his mind and body, for which he has been obliged to undergo medical treatment, including but not limited to invasive treatment; permanent disability and disfigurement, suffering great pain and mental anguish, loss of sleep and proper rest and also requiring medication.

13.

As a result of the incident sued upon herein, Ernel Lafrance has suffered physical injuries and monetary damages in the following non-exclusive respects:

   a. Past, present, and future pain and suffering;
   b. Permanent disability and disfigurement;
   c. Past, present, and future mental anguish;
   d. Past, present, and future medical expenses;
   e. Past, present, and future loss of wages;
   f. Inconvenience and loss of life's pleasures;
   g. Loss of earning capacity; and
   h. Any and all other general and special damages which will be proven at the trial of this matter.

14.

Petitioner, Theresa Lafrance, is the wife of Ernel Lafrance. Because of the injuries and damages sustained by Mr. Lafrance described herein, Theresa Lafrance has been damaged in the following non-exclusive ways:

   a. She has lost the labor and services of her husband, which contributed a tremendous amount to the running of their household; and
   b. She has suffered loss of society, consortium, companionship, and affection of her husband due to his injured, disabled, and painful condition.

15.

Petitioners aver that at the time of the incident herein, there was in full force and effect a policy of general liability, excess and/or umbrella insurance issued by JKL Insurance Company,

wherein Crescent Construction Company was the named insured and that such policy provided coverage for all acts of commission and omission and acts of negligence which are alleged in this lawsuit. By virtue of that contract of insurance, said insurer is liable unto Petitioners for all damages sustained and claimed herein.

16.

Petitioners also aver that at the time of the incident herein, there was in full force and effect a policy of general liability, excess and/or umbrella insurance issued by MNO Insurance Company, wherein WernoCo was the named insured and that such policy provided coverage for all acts of commission and omission and acts of negligence which are alleged in this lawsuit. By virtue of that contract of insurance, said insurer is liable unto Petitioners for all damages sustained and claimed herein.

17.

Petitioners also aver that at the time of the incident herein, there was in full force and effect a policy of general liability, excess and/or umbrella insurance issued by PQR Insurance Company, wherein HD Supply Construction Supply LTD d/b/a HD Supply Construction & Industrial – White Cap was the named insured and that such policy provided coverage for all acts of commission and omission and acts of negligence which are alleged in this lawsuit. By virtue of that contract of insurance, said insurer is liable unto Petitioners for all damages sustained and claimed herein.

18.

Petitioners additionally aver that at the time of the incident herein, there was in full force and effect a policy of general liability, excess and/or umbrella insurance issued by STU Insurance Company, wherein DEF, Inc. was the named insured and that such policy provided coverage for all acts of commission and omission and acts of negligence which are alleged in this lawsuit. By virtue of that contract of insurance, said insurer is liable unto Petitioners for all damages sustained and claimed herein.

19.

Petitioners further aver that at the time of the incident herein, there was in full force and effect a policy of general liability, excess and/or umbrella insurance issued by VWX Insurance Company, wherein GHI, Inc. was the named insured and that such policy provided coverage for all acts of commission and omission and acts of negligence which are alleged in this lawsuit. By

virtue of that contract of insurance, said insurer is liable unto Petitioners for all damages sustained and claimed herein.

20.

As a result of the foregoing incident, Ernel Lafrance is entitled to receive worker's compensation benefits from Defendant, Crescent Construction Company, and in the event such is not timely and properly paid, now or in the future, to receive punitive damages and/or damages in the form of attorney's fees and costs from the Defendant for any wrongful failure to timely and/or properly pay worker's compensation benefits and legal interest thereon.

21.

Petitioners reserve the right to trial by jury, the amount and time for filing a jury cost bond to be fixed when the case is set for trial.

**WHEREFORE**, Petitioners, Theresa Lafrance, wife of/and Ernel Lafrance, pray that the Defendants, Crescent Construction Company, WernerCo Services, Inc., HD Supply Construction Supply LTD d/b/a HD Supply Construction & Industrial – White Cap, DEF, Inc., GHI, Inc., JKL Insurance Company, MNO Insurance Company, PQR Insurance Company, STU Insurance Company, and VWX Insurance Company, through their proper officers and/or agents for service of process, be duly served with a copy of this Petition for Damages and cited to appear and answer same; and that after due proceedings are had, there be judgment rendered herein in favor of the Petitioners, Petitioners, Theresa Lafrance, wife of/and Ernel Lafrance, and against the Defendants, Crescent Construction Company, WernerCo Services, Inc., HD Supply Construction Supply LTD d/b/a HD Supply Construction & Industrial – White Cap, DEF, Inc., GHI, Inc., JKL Insurance Company, MNO Insurance Company, PQR Insurance Company, STU Insurance Company, and VWX Insurance Company, jointly, severally and *in solido*, in an amount as is reasonable in the premises, together with legal interest thereon from date of judicial demand, for all costs of these proceedings and for all general and equitable relief.

Respectfully submitted,

**PALAZZO LAW FIRM**

*[signature]*
LEO J. PALAZZO (LA #22130)
JASON J. MARKEY (LA #29722)
**MARIO A. ARTEAGA, JR. (LA #31417)**
732 Behrman Highway, Suites F&G
Gretna, Louisiana 70056
Telephone: (504) 433-1442

8

Facsimile: (504) 433-9111
*Attorneys for Petitioners*

**CRAIG B. MITCHELL ESQ**
615 Baronne Street, Suite 300
New Orleans, Louisiana 70113
Telephone: 504.527.6433
Facsimile: 504.527.6450
*Attorney for Petitioners*

**PLEASE SERVE:**

CRESCENT CONSTRUCTION COMPANY,
*Through its Registered Agent for Service of Process:*
GRADY CRAWFORD
12290 Greenwell Springs Rd
Baton Rouge, La 70814

WERNERCO SERVICES, INC.
*Via Long Arm Service to its Registered Agent for Service of Process:*
CT CORPORATION SYSTEM
208 So Lasalle St, Suite 814
Chicago, Il 60604

HD SUPPLY CONSTRUCTION SUPPLY LTD D/B/A HD SUPPLY CONSTRUCTION &
INDUSTRIAL – WHITE CAP
*Through its Registered Agent for Service of Process:*
CORPORATION SERVICE SYSTEM
501 Louisiana Av.
Baton Rouge, LA 70802

**PLEASE HOLD SERVICE:**

DEF, Inc.
GHI, Inc.
JKL Insurance Company
MNO Insurance Company
PQR Insurance Company
STU Insurance Company
VWX Insurance Company

9

STATE OF LOUISIANA
PARISH OF ST. CHARLES
I HEREBY CERTIFY THAT THE WITHIN
AND FOREGOING IS A TRUE COPY OF THE
ORIGINAL ON FILE IN THIS OFFICE.

CLERK OF COURT
ST. CHARLES PARISH

## 29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

### STATE OF LOUISIANA

NO.: 08937

DIV. D
JUDGE
DIVISION␣␣ LEMMON

### THERESA LAFRANCE, WIFE OF/AND ERNEL LAFRANCE

### VERSUS

### CRESCENT CONSTRUCTION COMPANY, WERNERCO SERVICES, INC., ABC, INC., DEF, INC., GHI, INC., JKL INSURANCE COMPANY, MNO INSURANCE COMPANY, PQR INSURANCE COMPANY, STU INSURANCE COMPANY AND VWX INSURANCE COMPANY

Filed:_____            Deputy Clerk:_____

### **VERIFICATION**

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned Notary Public, personally came and appeared:

### **THERESA LAFRANCE**

who after being duly sworn, did depose and state that she is a Petitioner in the foregoing *Petition for Damages*; that she has read the *Petition for Damages*; and that all allegations contained therein are true and correct to the best of her knowledge, information, and belief.

_____
**THERESA LAFRANCE**

SWORN TO AND SUBSCRIBED,
before me, this 23 day
of Feb, 2021.

_____
NOTARY PUBLIC

STATE OF LOUISIANA
PARISH OF ST. CHARLES
I HEREBY CERTIFY THAT THE WITHIN
AND FOREGOING IS A TRUE COPY OF THE
ORIGINAL ON FILE IN THIS OFFICE.

_____
CLERK OF COURT
ST. CHARLES PARISH

11

## 29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

### STATE OF LOUISIANA

NO.: 88937

DIV. D
JUDGE
DIVISION LAUREN LEMMON

### THERESA LAFRANCE, WIFE OF/AND ERNEL LAFRANCE

### VERSUS

### CRESCENT CONSTRUCTION COMPANY, WERNERCO SERVICES, INC., ABC, INC., DEF, INC., GHI, INC., JKL INSURANCE COMPANY, MNO INSURANCE COMPANY, PQR INSURANCE COMPANY, STU INSURANCE COMPANY AND VWX INSURANCE COMPANY

Filed:_____

Deputy Clerk:_____

### VERIFICATION

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned Notary Public, personally came and appeared:

### ERNEL LAFRANCE

who after being duly sworn, did depose and state that he is a Petitioner in the foregoing *Petition for Damages*; that he has read the *Petition for Damages*; and that all allegations contained therein are true and correct to the best of his knowledge, information, and belief.

_____
ERNEL LAFRANCE

SWORN TO AND SUBSCRIBED,
before me, this **23** day
of **Feb**, 2021.

_____
NOTARY PUBLIC

STATE OF LOUISIANA
PARISH OF ST. CHARLES
I HEREBY CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

_____
CLERK OF COURT
ST. CHARLES PARISH

10